IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| JOSE LUIS PEREZ,<br>    Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE<br>SYSTEM, INC., WJ BISHOP, INC., and<br>ERIC LAMB,<br>    Defendants. | NO. 2:24-CV-00083-EG-MHW |

## REPORT AND RECOMMENDATION

TO THE HONORABLE ERNEST GONZALEZ, UNITED STATES DISTRICT JUDGE:

The Court referred the above-captioned matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b). The Parties' Agreed Joint Motion to Remand Case is pending before the Court. For the following reasons, it is recommended that the Motion [ECF No. 5] be **GRANTED**.

### I. BACKGROUND

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") removed this matter from the 365th Judicial District Court in Maverick County to this Court on August 7, 2024, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Not. of Removal, ECF No. 1.) The Parties at the time of removal included Plaintiff Jose Luis Galvan Perez, a citizen of Mexico; Defendant Eric Lamb, a citizen of Texas; Defendant WJ Bishop, Inc., a citizen of Texas; and FedEx Ground, a citizen of Delaware and either Pennsylvania or Tennessee. (*Id.* at 3–4.) Before FedEx Ground removed this matter, Eric Lamb had been served, and he and WJ Bishop, Inc. had filed an answer. (Return of Service – Lamb, ECF No. 1-2; Answer – Lamb, ECF No. 1-5; Answer

– WJ Bishop, ECF No. 1-6.) On September 6, 2024, the Parties filed this Motion to Remand, asserting that the removal was improper pursuant to 28 U.S.C. § 1441(b)(2).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts of the United States "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). However, there is a procedural exception to this jurisdiction: "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n*, 955 F.3d 482, 485 (5th Cir., 2020). Here, as stated earlier, the Plaintiff is a citizen of Mexico, and the Defendants are citizens of various states. (Not. of Removal at 3–4.) Therefore, this Court has diversity jurisdiction over this matter. Yet, Defendants Eric Lamb and WJ Bishop, Inc. are both citizens of Texas. Both of these Defendants answered prior to the removal of this case, and the completed Return of Service for Eric Lamb is attached to the Notice of Removal. (Return of Service – Lamb, ECF No. 1-2; Answer – Lamb, ECF No. 1-5; Answer – WJ Bishop, ECF No. 1-6.) Accordingly, the exception pursuant to § 1441(b)(2) applies here, and this case was improperly removed.

## III. CONCLUSION

For the reasons set forth in this report and recommendation, it is **RECOMMENDED** that

the Parties' Motion [ECF No. 5] be **GRANTED.**

The Parties may wish to file objections to the above recommendations. Failure to file written objections to the findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its receipt shall bar an aggrieved party from receiving de novo review by the District Court of the findings and recommendations contained herein, see 28 U.S.C. 636(b)(1)(C), and shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). This Report and Recommendation disposes of all issues and controversies referred to the undersigned in this proceeding. The Clerk shall terminate the referral.

**SIGNED** this 1st day of October, 2024.

_____
MATTHEW H. WATTERS
UNITED STATES MAGISTRATE JUDGE